IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID KASSICK : | |
| : | |
| Petitioner : | |
| : | CRIMINAL NO. **3: 00-CR-197** |
| vs. : | |
| : | (JUDGE NEALON) |
| UNITED STATES OF AMERICA, : | |
| : | |
| Respondent : | |

**MEMORANDUM and ORDER**

On December 19, 2002, Petitioner, an inmate currently incarcerated at FCI-Otisville, New York, filed a motion pursuant to 28 U.S.C. § 2255 seeking to vacate, correct or set aside the sentence imposed by this court on December 18, 2001. (Doc. 111). On April 3, 2003, while briefing on the 2255 Motion was ongoing, Kassick filed a Motion for Extension of Time to File a Notice of Appeal (Doc. 121) which was granted by Order dated April 11, 2003. (Doc. 122). On April 23, 2003, petitioner filed a Notice of Appeal with this court. (Doc. 124). Subsequently, the government filed a Motion to Dismiss Kassick's Motion to Vacate (Doc. 125) and Kassick filed a Motion requesting the Court to Order his Motion to Vacate moot. (Doc. 127) . Accordingly this court dismissed petitioner's 2255 Motion without prejudice and granted the government's Motion to Dismiss. (Doc. 128). On September 9, 2003, the Third Circuit dismissed petitioner's appeal for lack of jurisdiction. (Doc. 133). On November 16, 2004, this court issued an Order granting Kassick's motion to

1

reinstate his prior motion to vacate. (Doc. 149). The Government filed its Response to the motion (Doc. 150) on December 15, 2004. The matter is now ripe for disposition. For the reasons stated below, the motion will be denied on all counts except for portions of petitioner's ineffective assistance of counsel claim. A hearing will be scheduled for the sole purpose of determining whether defense counsel failed to file an appeal upon petitioner's request.

## I. Background

On July 12, 2000 a federal grand jury sitting in Scranton, Pennsylvania returned a three (3) count indictment against petitioner charging him with: (1) conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. § 846; (2) aiding and abetting Kimberly Wills in the distribution of heroin to Michael Dickson, resulting in Dickson's death, in violation of 21 U.S.C. § 814(a)(1) and § 841(b)(1)( C); and (3) possession with intent to distribute heroin. Petitioner entered into a plea agreement with the government in which he agreed to plead guilty to Count 1 of the Indictment. Subsequently, petitioner pled guilty to Count 1, Conspiracy to Distribute and Posses with Intent to Distribute Heroin, 21 U.S.C. §846, on September 17, 2001. Following a presentence investigation, he was sentenced to a term of 130 months in prison on December 18, 2001. The 2255 Motion now before the court followed.

## II. Discussion

A federal criminal defendant's sentence is subject to collateral attack in a

proceeding before the sentencing court pursuant to 28 U.S.C. § 2255. *See, e.g.,* United States v. Adonizio, 442 U.S. 178, 185 (1979).  Petitioner makes the following contentions regarding his conviction and sentence:

 1.  he received ineffective assistance of counsel;

 2.  he was not provided with a hearing under 21 U.S.C. § 851;

 3.  he was wrongfully characterized as a career offender on the basis of non career offender predicate offenses;

 4.   he was wrongfully characterized as a career offender on the basis of misdemeanors;

 5.  he was "selectively" and "maliciously" prosecuted; and

 6.  the presence of school children at his sentencing was impermissible.

(Doc.  111).  Since the petitioner asserts claims two (2) through six (6) for the first time herein, he has waived those claims by failing to raise them on appeal.  Therefore, the court's analysis will be limited to petitioner's ineffective assistance of counsel claim since such a claim is properly raised for the first time before the district court under 28 U.S.C. § 2255. United States v. DeRewal, 10 F.3d 100, 103 (3d Cir. 1993).  However, since Kassick's allegations regarding ineffective assistance of counsel may implicate some of his other claims, they will also be addressed.

 Petitioner maintains that his constitutional rights were violated by ineffective assistance of counsel in that his attorney:  (1) failed to inform the petitioner that he was entitled to a hearing pursuant to 21 U.S.C. § 851; (2) allowed school children in the court

3

room at the time of sentencing; (3) allowed a mischaracterization of petitioner's offenses; (4) failed to apprise the court that defendant was mistakenly characterized as a career offender; (5) failed to request an alternative to incarceration; (6) informed the court that petitioner's offense resulted in an accidental death; (7) failed to advise petitioner of his constitutional rights; (8) wrongly informed the petitioner that he could be subject to life in prison; and (9) failed to file an appeal upon petitioner's request.

In order to establish ineffective assistance of counsel, a habeas petitioner must "show that his attorney's representation fell below an objective standard of reasonableness" and "any prejudice which appears prejudiced the defense." Deputy v. Taylor, 19 F.3d 1485, 1493 (3d Cir. 1994), *cert. denied,* 512 U.S. 1230 (1994).  To show that ineffective assistance of counsel made his guilty plea involuntary, the petitioner must demonstrate that: (I) his counsel's representation fell below an objective standard of reasonableness demanded of attorneys in criminal cases; and (ii) there is a reasonable probability that, but for counsel's errors, he would have proceeded to trial instead of pleading guilty.  *See* Hill v. Lockhart, 474 U.S. 52. 56-59 (1985).

*(1) Hearing Pursuant to 21 U.S.C. § 851*

21 U.S.C. §851 states the following:

No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

Filing of an information, however, is not necessary when the defendant is sentenced as a career offender to a prison term that falls within the non-enhanced statutory range. Suveges v. United States, 7 F.3d 6 (1st Cir. 1993).

Petitioner was sentenced to a term of 130 months incarceration upon his guilty plea to 21 U.S.C. § 846. (Doc. 104). The maximum penalty for said charge is twenty (20) years imprisonment and a fine of $1,000,000.00. The government did not file an information seeking an enhancement of Petitioner's sentence to exceed this maximum. Further, the Sentencing Guidelines called for an imprisonment range of 151-188 months. Therefore, this situation did not involve a request for enhancement by the government and for that reason 21 U.S.C. § 851 is inapplicable. Accordingly, the government was not required to file an information nor was the petitioner entitled to a hearing. For that reason, defense counsel did not err in failing to advise petitioner of the possibility of a hearing.

### *(2) Presence of School Children at Sentencing*

Petitioner argues that his sentencing was an "exhibition of public humiliation" and that the presence of school children at his sentencing "created an adverse circus atmosphere" which resulted in denial of a "fundamentally fair and dignified" sentencing. He alleges that his representation was ineffective because his attorney failed to explain the possible negative consequences which might result from the presence of a class of school children.

Sentencings are traditionally open to the public and in fact the sentencing judge is

required to, at the time of sentence, state in open court his reasons for the sentence imposed. 18 U.S.C.A. §3553( c); <u>U.S. v. Cianscewski</u>, 894 F.2d 74 (3d Cir. 1990); <u>U.S. v. Loy</u>, 191 F.3d 360 (3d Cir. 1999); <u>U.S. v. Tyler</u>, 281 F.3d 84 (3d Cir. 2002); <u>U.S. v. Loeper</u>, 132 F. Supp. 2d 337 (E.D.Pa. 2001).  Counsel for the government aptly reminds the court that "our criminal law tradition insists on public indictment, public trial and public imposition of sentence. Transparency is essential to maintaining public respect for the criminal justice system, ensuring its integrity, and protecting the rights of the accused." <u>Smith v. Doe</u>, 538 U.S. 84, 123 S.Ct. 1140, 1150 (2003).   Defense counsel cannot be considered ineffective for failure to object to a public presence at a public proceeding.

Further, the sentence rendered in the instant case represented a downward departure from the sentencing range for the Petitioner's offense.  Only Kassick's conclusory allegations that he suffered negative consequences from the presence of the school children support his ineffective counsel claim.   Conclusory allegations are insufficient to entitle a petitioner to relief under 20 U.S.C. §2255. <u>Blackledge v. Allison</u>, 431 U.S. 63, 74 (1977).  Moreover, Kassick sought permission from the court to address the school children and advise them to avoid the temptation to experiment with drugs.   There has been absolutely no showing that the school children's presence caused Petitioner to be prejudiced at sentencing.  Consequently, there is no merit to petitioner's allegation that counsel was ineffective in this respect.

*(3)Career Offender Characterization*

Kassick argues that his attorney failed to take the time and effort to fully understand petitioner's prior convictions. He further claims that counsel erred when he failed to object to the use of a 19 year old drug conviction as a predicate offense to characterize the defendant as a career offender.

The Presentence Investigation Report shows that Kassick was sentenced on February 7, 1984 to a term of 1.5 to 4 years as a result of his conviction for delivery/possession with intent to deliver a controlled substance. This sentence was to run consecutively to any sentence then being served. Kassick correctly states that this sentencing was over 15 years earlier than the instant sentencing date, however, this fact is irrelevant.

The Sentencing Guidelines provide that "[a]ny prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted in computing the defendant's criminal history category." Further "any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen year period" is also to be counted in such a computation. United States Sentencing Guidelines, 4A1.2(e)(1).

Kassick committed the instant offense during the period between January 1996 and December 31, 1999. Kassick was sentenced on the prior offense in 1984 to a term of imprisonment from 1.5 to 4 years and he was released from this confinement on April 1, 1989, which is within 15 years of the years commencing in 1996 and running to 1999.

Therefore, according to the Sentencing Guidelines, the 1984 sentence qualifies as a sentence of imprisonment exceeding one year and one month which resulted in the defendant being incarcerated during the fifteen year period prior to 1996-1999. As such, the 1984 offense was properly included in the calculation of Kassick's criminal record.

The government further argues that three of Kassick's prior convictions qualified as career offender predicates. Therefore, even if it was proper to exclude the 1984 drug conviction from the list of qualified career offender offenses, petitioner still would have been properly classified as a career offender. Consequently, counsel was not ineffective when he failed to object to this proper characterization of the petitioner's criminal record by the government.

*(4) Downward Departure from Guidelines*

Petitioner next argues that at the time of sentencing, counsel engaged in a discourse with the court during which he failed to assert that petitioner should not be characterized as a career offender. Further he alleges that defense counsel failed to inform him of the "negative consequences" that this discourse would have on the petitioner.

During sentencing, defense counsel acknowledged Kassick's classification as a career offender but moved for a downward departure on the grounds that the career offender guideline overstated Kassick's criminal history. Transcript of Sentencing, 12-18-01, pp. 12-17. Specifically, defense counsel explained that (1) the amount of heroin involved was less than 5 grams; (2) the petitioner's involvement in the alleged conspiracy was short lived; (3)

the involved death from overdose was accidental; (4) the petitioner's past crimes were a result of his drug addiction; (5) petitioner's one prior delivery conviction involved only .014 grams of heroin; and (6) petitioner did not have a propensity for violence.

In light of the information correctly presented in the Presentence Report, defense counsel made what appears to be the best argument possible on his client's behalf.  The argument properly set forth factors in favor of the petitioner in an attempt to persuade the court to reduce his sentence.  In sum, there were no negative consequences.  Moreover, petitioner was sentence at the lowest end of the Guidelines, viz., 130 months.  Counsel is not ineffective merely because the court declined, upon counsel's recommendation,  to further reduce Kassick's sentence beyond the original reduction.

### *(5) Alternative to Incarceration*

Kassick argues that counsel was ineffective in failing to ask the court to impose  an alternative to incarceration as part of his sentence.  The guideline range applicable to petitioner's offense did not allow for a probationary sentence.  Therefore, no possible argument or suggestion offered by defense counsel would have resulted in the alternative sentence that petitioner seems to be seeking.  Counsel cannot be deemed ineffective for failing to request an unavailable accommodation.

### *(6) Death of Michael Dickson*

The Presentence Investigation Report establishes that Kassick injected Michael Dickson with heroin and that this injection caused Dickson's death.  Defense counsel

9

informed the court of this fact in an attempt to point out that the death was accidental and that a downward departure was therefore merited. Transcript of Sentencing proceeding, 12-18-01, pp. 7-8. 13. Since the information regarding Kassick's death was contained in the Presentence Report, defense counsel was not providing the court with knowledge that it otherwise would not have had. Further, counsel did not show any prejudicial reason for mentioning the accidental death. Finally, the fact that Petitioner was sentenced at the lowest end of the guidelines evidences that counsel's remarks did not have a negative effect on petitioner. Counsel was not ineffective for making an argument which did not prejudice his client but rather pointed to facts which might have caused the court to be lenient in determining Kassick's sentence.

### *(7) Failure to Advise*

Kassick claims that defense counsel never explained the constitutional rights and protections to which Kassick was entitled. Therefore, Kassick claims that he did not understand his rights or the consequences of waiving those rights.

Rule 11 of the Federal Rules of Criminal Procedure "provides protection for those who voluntarily choose to waive their constitutional right to a trial by pleading guilty while ensuring an adequate record to insulate the plea from appellate and collateral attacks." Key v. U.S., 806 F.2d 133, 136 (7th Cir. 1986) *quoting* Haase v. U.S., 800 F.2d 123, 126 (7th Cir. 1986). Specifically, Rule 11 provides as follows:

The court shall not accept a plea of guilty or nolo contendere without first, by

> addressing the defendant personally in open court, determining that the plea is voluntary and not the result of force or threats or of promises apart from the plea agreement. The court shall also inquire as to whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the attorney for the government and the defendant or his attorney.
>
> F.R.Crim.P. 11.

Accordingly, a defendant's knowledge and understanding of the offense to which he is pleading guilty is preserved as part of the record under Rule 11. These "solemn declarations in open court carry a strong presumption of verity" and "the subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).

Petitioner's claim completely ignores the fact that he was advised of his rights during the plea colloquy, after which he acknowledged that he was fully aware of his constitutional rights and that he understood that by pleading guilty he would waive these rights. Aside from his conclusory allegations, Kassick has not made any showing that he was unaware of his rights. His claim is without merit and does not support a finding that defense counsel was ineffective.

### *(8) Life Sentence*

Petitioner argues that his attorney wrongfully informed him that he faced a life sentence. Even if counsel did so advise Kassick, his comment was completely reasonable and truthful in nature. If Kassick had been convicted of all counts of the indictment then he faced a sentence from 360 months to life in prison. Kassick can not succeed on a claim of

ineffective assistance of counsel unless he can show that his attorney's actions feel below an objective standard of reasonableness.  If defense counsel had failed to advise his client of the possible sentence he was facing then his behavior might bring into question this standard of reasonableness.  In the instant case, however, defense counsel did the exact opposite and according to Petitioner's own admission, fully advised his client of the possible maximum sentence he could face if he failed to enter a guilty plea.

### *(9) Failure to File Notice of Appeal*

An attorney's failure to file an appeal upon defendant's request is a violation of the Sixth Amendment right to effective assistance of counsel.  Solis v. U.S., 252 F.3d 289, 295 (3d Cir. 2001).   An examination of the record in the instant case does not reveal whether defense counsel refused to comply with Kassick's request.  Ultimately Kassick did file an appeal but it was dismissed for lack of jurisdiction based on its untimely filing.   (Doc. 133). Whether Kassick in fact requested his attorney to file an appeal is a factual issue which will have to be resolved at a hearing.  Consequently, a hearing on petitioner's claim that his counsel failed to abide by his request that an appeal be filed will be scheduled.

Date:	May 12, 2005

              s/ William J. Nealon
              United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID KASSICK : | |
| : | |
| Petitioner : | |
| : | CRIMINAL NO. **3: 00-CR-197** |
| vs. : | |
| : | (JUDGE NEALON) |
| UNITED STATES OF AMERICA, : | |
| : | |
| Respondent | |

ORDER

**AND NOW**, this 12th day of May, 2005, in accordance with the accompanying Memorandum of this date, **IT IS HEREBY ORDERED THAT:**

(1) Kassick's motion to vacate sentence pursuant to 28 U.S.C. §2255 is **DENIED** except as to the issue of whether counsel failed to file an appeal as requested by defendant; and

(2) As to the issues decided herein, the Court concludes that there is no basis for the issuance of a Certificate of Appealability.

s/ William J. Nealon
United States District Judge
