IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| v. | : CRIM. NO. 00-197-01 |
| DAVID KASSICK, | : (JUDGE NEALON) |
| Defendant | : |

**MEMORANDUM AND ORDER**

A hearing was held this day, June 14, 2005, on Defendant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §2255, limited to the issue of whether his counsel, Gerald Grealish, Esquire, failed to file an appeal from the sentence imposed on December 18, 2001, despite defendant's request that he do so.

Defendant, David Kassick, testified that immediately after sentence was imposed, he told Mr. Grealish that he wanted to file an appeal. Mr. Grealish had a different recollection and testified that he met privately with defendant in the Jury Room shortly after the sentencing and advised him of his opinion that there were no grounds for an appeal. He stated further that defendant not only appeared to understand and agree with his advice, but never asked him to file an appeal. Thus, the participants have different views concerning the discussion following the court

proceedings. There was never any further meeting or discussion between them about an appeal.

Defendant claimed that he had assumed an appeal had been filed and attempted unsuccessfully to contact Mr. Grealish by mail and telephone relative to the status of his appeal. To verify his efforts, he produced copies of two letters he mailed to counsel, one on January 6, 2002, and the other on September 3, 2002. In the January 6 letter, Defendant asked counsel to file a motion on his behalf primarily to protest restrictions placed on his privileges and opportunities in State Prison[1] due to the placement of a Federal Detainer against him. He also requested all materials concerning his case that counsel had in his possession. He did not make any mention of an appeal. The September 3 letter asked counsel to obtain a copy of the sentencing transcript because "I think I may have found something to file a 2255 on. I only have one year to file from sentencing which would be up on Dec. 18, 2003." Again, there was no reference to an appeal or its status although he revealed his knowledge that there was a time limitation for commencing a §2255 proceeding.

Defendant has a lengthy criminal record and numerous incarcerations which would give him some experience as to post-sentencing requirements. His failure to produce evidence, other than his oral testimony, of his request for an appeal or a report on its status, seriously undermines his version of his discussion with counsel. Moreover, I am satisfied with Mr. Grealish's recounting of the meeting and accept it

---

[1] Defendant was serving a sentence on unrelated state charges.

as a factual finding. Therefore, I conclude that defendant was informed of his right to appeal, that he accepted counsel's advice that an appeal was not warranted, and that he never requested counsel to file an appeal.

Accordingly, this 14th day of June, 2005, Defendant's Motion to Vacate, Set Aside, or Correct Sentence imposed on December 18, 2001, is denied.

_____
UNITED STATES DISTRICT JUDGE