IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : CRIMINAL NO. 00-197 |
| v. | : |
| | : |
| DAVID KASSICK, | : (JUDGE NEALON) |
| | : |
| Defendant | : |

## MEMORANDUM AND ORDER

Pursuant to the June 2, 2006 mandate from the Court of Appeals in this 28 U.S.C. §2255 action, the court appointed Michael C. Kosteleba, Esquire, to represent Appellant, David Kassick ("Kassick") and scheduled a hearing on the issue of whether sentencing counsel, Gerard E. Grealish, Esquire ("Grealish"), was ineffective for failing to file a requested direct appeal. The hearing was held on July 19, 2006, and testimony was presented by Kassick, Grealish, and Mark Rockovich ("Rockovich"), Custodian of Records at the Luzerne County Prison.

Kassick testified that, as he was being led out of the courtroom after sentence was imposed,[1] he turned to Grealish and stated "Mr. Grealish, I want to file an appeal." He stated further that Grealish responded by telling him that he would follow him down to the Marshal's office to discuss the appeal but he never appeared.

---

[1] Kassick had entered a guilty plea to Conspiracy to Distribute and Possess with Intent to Distribute Heroin in violation of 21 U.S.C. §841(a)(1).

Contrariwise, Grealish testified that he sat with Kassick in the jury room after the sentencing and advised Kassick that he perceived no grounds for an appeal and didn't plan on filing an appeal. While he did not remember Kassick's exact response, Grealish testified that Kassick communicated that he understood that there would be no appeal. According to Grealish, he mentioned that the judge had granted a downward departure and was aware that he had the discretion to do so, which did not leave much room for an appeal. Grealish also stated that at no time did Kassick ask him to file an appeal and that as is his custom, he met with Kassick in the jury room after the sentencing specifically to discuss an appeal. Grealish asserted that because he has an active criminal law practice and has filed many appeals, that he understood his responsibility and, if Kassick requested that he file a Notice of Appeal, he would have done so. He added that after doing this, he would probably file an Anders[2] brief and seek to withdraw because he thought an appeal would be frivolous.

In support of his version, Kassick claimed that he tried to call Grealish concerning the appeal two or three times from the Luzerne County Prison and also sent him two letters. The records during Kassick's incarceration at the Luzerne County Prison indicated that a counselor made only one phone call to Grealish on

---

[2] Anders v. California, 386 U.S. 738 (1967).

Kassick's behalf on January 16, 2002, but there is no entry showing whether it was answered by a Secretary or an answering machine, or the purpose of the call.

The two letters that Kassick sent to Grealish do not support his testimony that the purpose of the letters was to request Grealish to visit him and discuss the appeal. In the January 6, 2002 letter, Kassick makes no mention of an appeal but sought Grealish's assistance because a federal detainer has limited his eligibility for certain privileges, such as work release and rehabilitative programs. Furthermore, the September 3, 2002 letter merely asked Grealish to obtain a copy of the sentencing transcript because "I think I may have found something to file a 2255 on." Again, no mention of an appeal or its status.

I found Grealish to be fair and truthful in his recollection of his discussions with Kassick. On the other hand, Kassick's testimony concerning the purpose of his letters to Grealish was contradicted by the letters themselves. Moreover, there was only one call placed from the prison, not two or three as Kassick had stated. Also, while Kassick indicated that the phone continued to ring and was not answered by either a secretary or an answering machine, Rockovich testified that it was the practice of the prison to have a prison staff member place the call and hand the phone to the prisoner only after it had been answered by a person or answering machine. Additionally, at the hearing, Kassick described treatment and medication he was receiving for a bipolar disorder which may have adversely affected his ability to recall.

After careful consideration of the testimony and the exhibits received in evidence, I conclude that Kassick was informed of his right to appeal, that he accepted Grealish's advice that an appeal was not warranted, and that he never requested Grealish to file an appeal.

Therefore, this 21st day of July, 2006, Defendant's Motion filed pursuant to 18 U.S.C. §2255, alleging that he was denied the right to appeal because of the ineffective assistance of counsel, is denied.

_____
United States District Judge